15-1767-cr
United States v. Artis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:  PIERRE N. LEVAL,
               CHESTER J. STRAUB,
               REENA RAGGI,
                    *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                   *Appellee*,

            v.                                  No. 15-1767-cr

SOLOMON ARTIS, AKA Light, AKA Spaz,
                   *Defendant-Appellant*.[*]
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     LAWRENCE MARK STERN, ESQ., New York, New York.

APPEARING FOR APPELLEE:     ALLON LIFSHITZ (Peter A. Norling, Rena Paul, *on the brief*), Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

_____

[*] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

Interlocutory appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*; James Orenstein, Vera M. Scanlon, *Magistrate Judges*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 18, 2015, is AFFIRMED.

Defendant Solomon Artis, who stands indicted for conspiracy to commit murder in aid of racketeering and possession of a firearm in furtherance of a crime of violence, see 18 U.S.C. §§ 1959(a)(5), 924(c)(1)(A)(i), 2, appeals from the district court's order detaining him without bail pending trial, see 18 U.S.C. §§ 3142, 3145(c). We review the district court's findings of fact—including its ultimate findings as to risk of flight and danger to the community—for clear error, see United States v. English, 629 F.3d 311, 319–20 (2d Cir. 2011), and will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). We review questions of law de novo. See United States v. English, 629 F.3d at 319–20. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Legal Standard

The Bail Reform Act of 1984 ordinarily requires pre-trial release under such conditions as the court "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b), (c). If, however, the court finds "that no condition or combination of

2

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." Id. § 3142(e)(1); see United States v. English, 629 F.3d at 318–19; United States v. Sabhnani, 493 F.3d at 75. The government bears the burden of proving risk of flight by a preponderance of the evidence, but it must prove danger to the community by clear and convincing evidence. See 18 U.S.C. § 3142(g); United States v. Sabhnani, 493 F.3d at 74–75.

Where probable cause supports a charge that the person seeking bail committed certain offenses, including violations of § 924(c), there is a rebuttable presumption that no conditions of release will reasonably assure against flight or dangerousness. See 18 U.S.C. § 3142(e)(3). "[A]n indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e)." United States v. English, 629 F.3d at 319 (internal quotation marks omitted). Such a presumption shifts to the defendant "a limited burden of production—not a burden of persuasion" to adduce "evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). Such production does not eliminate the presumption; rather, the presumption "remains a factor to be considered among those weighed by the court," id., which factors are delineated in the statute, see 18 U.S.C. § 3142(g). "At all times, however, the government retains the ultimate burden of persuasion." United States v. English, 629 F.3d at 319 (internal quotation marks omitted).

2.     The District Court's Findings Are Not Clearly Erroneous

Artis argues that the facts alleged in the original charging complaint do not establish probable cause to think he committed a § 924(c) offense triggering the statutory presumption.   That question is now rendered moot by Artis's indictment, which conclusively establishes probable cause for the firearm charge.   See United States v. English, 629 F.3d at 319.

At the detention hearing, Artis attempted to rebut the § 3142(e)(3) presumption in favor of detention by pointing to the purported weakness of the government's case and his own lack of a prior criminal record.   These circumstances are not so compelling as to defeat the presumption or to manifest clear error in the district court's determination that no combination of release conditions, and specifically not the conditions proposed by Artis, could reasonably assure against dangerousness and the risk of flight.

We have considered Artis's remaining arguments, and we conclude that they are without merit.   Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4